UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jayshawn Bailey,

Petitioner

v.

State of Nevada, et al.,

Respondents

Case No. 2:25-cv-01928-CDS-NJK

**Order Granting Motion to Appoint Counsel Following Petitioner's Response to Order to Show Cause**

[ECF No. 3]

Petitioner Jawshawn Bailey, a pro se Nevada prisoner, submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 4. Before me is Bailey's motion for appointment of counsel (ECF No. 3) and his response to the order to show cause (ECF No. 6).

**I.    Background**

Bailey challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Bailey*, Case No. C-20-347887-1.[1] On April 27, 2022, the state district court entered a judgment of conviction for voluntary manslaughter of a vulnerable person. Although Bailey attempted to appeal the judgment of conviction, the state appellate court dismissed his appeal for lack of jurisdiction because he filed the notice of appeal well after the expiration of the 30-day appeal period.

On August 29, 2022, Bailey filed a state habeas postconviction petition for writ of habeas corpus. *See Bailey v. State of Nevada*, Case No. A-22-857574-W. On October 6, 2025, Bailey initiated this federal habeas case and on October 21, 2025, he filed his petition. ECF No. 4.

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and
        at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

The show cause order explained that Bailey's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on May 27, 2022. Although he initiated a direct appeal, the Supreme Court of Nevada found it was untimely filed and dismissed for lack of jurisdiction. The AEDPA limitations period began to run the day after time expired for the petitioner to file a timely appeal.

Bailey timely filed his state petition on August 29, 2022, tolling the AEDPA clock. As a result, 93 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 272 days of AEDPA limitations period was statutorily tolled period during the pendency of all proceedings related to the state petition. Tolling ended on July 10, 2023, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 272 days later on April 8, 2024. Absent another basis for tolling or delayed accrual, Bailey filed his petition nearly one year and six months after the AEDPA limitations period expired.

II.     Discussion

In his response to the order to show cause, Bailey appears to assert that he may avoid that application of the limitation period based on a claim of actual innocence. I find that the issues in this matter would benefit from further briefing. In addition, I find that the appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, and the complexity of potential claims. Given the myriad of potential procedural obstacles Bailey's situation presents, his request for appointment of counsel is granted.

III.    Conclusion

I therefore order that petitioner Jayshawn Bailey's motion for appointment of counsel **[ECF No. 3] is granted**.

I further order that the Federal Public Defender is provisionally appointed as counsel and has until May 15, 2026, to undertake direct representation of the petitioner or to indicate the office's inability to represent the petitioner in these proceedings. If the Federal Public Defender is

unable to represent the petitioner, the Court will appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate a deadline of approximately 60 days from entry of the formal order of appointment.

I further order that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  At all times, petitioner remains responsible for calculating the running of the federal limitation period and timely presenting claims. Thus, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I further order the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from the respondents until further order of the Court.

I further order the Clerk of Court is further directed to send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: April 15, 2026

_____
Cristina D. Silva
United States District Judge